# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| QUINCY D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-162 NAB |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner of Operations, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Quincy D. Jones' application for disability insurance benefits under the Social Security Act. Jones alleged disability due to allergic rhinitis, migraines, left hallux rigidus with degenerative changes, right and left rotator cuff tendonitis, major depressive disorder, overactive bladder, left and right knee degenerative arthritis, obstructive sleep apnea, lumbosacral spondylosis, tinnitus, right hallux rigidus, and gout. (Tr. 165.) The parties have consented to the exercise of authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 10.]

In this action, Jones contends that the administrative law judge ("ALJ") committed two errors. Jones asserts that the ALJ failed to properly develop the record and failed to obtain vocational expert testimony. The Commissioner responds that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed. Based on the following, the Court will affirm the Commissioner's decision.

**Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Social Security Administration ("SSA") uses a five-step analysis to determine whether a claimant seeking disability benefits is in fact disabled. 20 C.F.R. § 404.1520(a)(1). First, the claimant must not be engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the claimant must establish that he or she has an impairment or combination of impairments that significantly limits his or her ability to perform basic work activities and meets the durational requirements of the Act. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the claimant must establish that his or her impairment meets or equals an impairment listed in the appendix of the applicable regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairments do not meet or equal a listed impairment, the SSA determines the claimant's residual functional capacity[1] ("RFC") to perform past relevant work. 20 C.F.R. § 404.1520(e).

Fourth, the claimant must establish that the impairment prevents him or her from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant meets this burden, the analysis proceeds to step five. At step five, the burden shifts to the Commissioner to establish the claimant maintains the RFC to perform a significant number of jobs in the national economy.

---

[1] The RFC is defined as what the claimant can do despite his or her limitations, and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(a). The RFC is a function-by-function assessment of an individual's ability to do work related activities on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

*Singh v. Apfel,* 222 F.3d 448, 451 (8th Cir. 2000). If the claimant satisfied all of the criteria under the five-step evaluation, the ALJ will find the claimant to be disabled. 20 C.F.R. § 404.1520(a)(4)(v).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

## ALJ's Decision

In this case, the ALJ noted that Jones met the insured status requirements of the Social Security Act through December 31, 2020 and had not engaged in substantial gainful activity since February 1, 2016. He found that Jones had the severe impairments of rotator cuff tendonitis of the bilateral shoulders with impingement, lumbar spine spondylosis, obesity, migraine headaches, status post-bilateral bunionectomy with degenerative arthritis of the feet, and degenerative joint disease of the right knee. (Tr. 16.) The ALJ determined that Jones had the residual functional capacity RFC to perform the full range of sedentary work. "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a). "Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." *Id.*

**DISCUSSION**

Jones contends that the ALJ failed to properly develop the record in this case, because the ALJ failed to order a consultative examination regarding his mental health impairments and failed to follow up with the Veterans Administration concerning its 100% disability rating. Jones also states that the ALJ should have used a vocational expert to testify rather than relying upon the Medical Vocational Guidelines in the final step of the five-step analysis. Jones is a veteran and the majority of his medical records come from medical treatment provided by the Veterans Administration ("VA"). Jones represented himself in the hearing before the ALJ on March 30, 2017.

**ALJ's Duty to Fully Develop the Record**

The ALJ has a duty to fully develop the record. *Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006). "The ALJ possesses no interest in denying benefits and must act neutrally in developing the record." *Snead v. Barnhart*, 360 F.3d 834, 839 (8th Cir. 2004). In some cases, this duty requires the ALJ to obtain additional medical evidence, such as a consultative examination of the claimant, before rendering a decision. *See* 20 C.F.R. § 404.1519a(b). "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011) (citing *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986)). Therefore, "[a]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

"There is no bright line test for determining when the [Commissioner] has failed to develop the record. The determination in each case must be made on a case by case basis." *Battles v. Shalala*, 36 F.3d 43, 45 (8th Cir. 1994). A claimant for social security disability benefits has the responsibility to provide medical evidence demonstrating the existence of an impairment and its severity during the period of disability and how the impairment affects the claimant's functioning. 20 C.F.R. § 404.1512. When a claimant is pro se, he cannot be expected to be familiar with the intricacies of Social Security guidelines. *Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994). "[The] ALJ is not required, [however], to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Id.* at 830-31. The Court will not remand unless the claimant demonstrates unfairness or prejudice. *Samson v. Astrue*, 497 F.3d 813, 822 (8th Cir. 2007).

**Failure to Order Consultative Examination**

Jones contends that the ALJ should have ordered a psychological consultative examination, because he alleged mental health impairments in his disability application, received a service connected disability rating of 30% for major depressive disorder and generalized anxiety disorder, and reported depression and anxiety related symptoms to his chiropractor and other care providers at the VA. The Court has thoroughly reviewed the substantial medical record, the vast majority submitted by the VA, and finds that the medical record provided a sufficient basis for the ALJ to make his decision.

Major depressive disorder was listed on the "problems lists" attached to Jones' VA medical records and Jones also reported major depressive disorder as part of his medical history. (Tr. 249, 313, 858, 902.) The medical records submitted to the Court dated from 2008 forward, do not show a diagnosis of depression from any of his treating doctors. The clinical notes in the

medical record also indicate that Jones denied having anxiety and depression symptoms at almost every doctor's visit and his providers described his mood as euthymic and affect as normal. (Tr. 309-311, 322, 353, 355-56, 363, 370, 380-82, 386, 390, 393, 400, 406-407, 413, 414-15, 422-23, 425, 505-506, 884.)

There is one note documenting an "interactive individual psychiatric therapy approximately 45 minutes on 22 Apr 2015" in the medical records from the VA. (Tr. 261.) This note contains no substantive information regarding a diagnosis or treatment. On June 27, 2016, the VA gave Jones a 30% disability rating (effective February 1, 2016) stating the following in support:

> We have assigned a 30 percent evaluation for your major depressive disorder, generalized anxiety disorder, and adjustment disorder based on: ●Occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress ●Depressed mood ●Disturbances of motivation and mood ●Anxiety ●Difficulty in establishing and maintaining effective work and social relationships ●chronic sleep impairment.

(Tr. 117.)

On September 27, 2016, the ALJ sent Jones for a physical consultative examination. (Tr. 889-895.) Jones reported to the examiner that he had been depressed for six years. (Tr. 890.) He denied that he had had any previous mental health stays or suicidal thoughts. (Tr. 890.) Jones stated that he "does not take medication for this problem and he just feels depressed." (Tr. 890.) The examiner wrote, "mental state was clear with good memory and he was cooperative for the examination but he did not smile during interview and physical examination." (Tr. 891.) The examiner diagnosed him with depression. (Tr. 893.)

Jones also highlights the medical records review by Dr. Gretchen Brandhorst, a state agency psychologist who reviewed Jones' medical record. Dr. Brandhorst wrote the following:

> The claimant alleges major depression disorder. The AOD 2/01/16
>
> The VA records noted dx MOD. The evidence does not support treatment for mental impairments while in the Army. The evidence does not support ER visits, hospitalizations, or mental health treatment for mental issues. The MER 5/21/15 noted MSES mood euthymic and affect normal. The MER 7/25/16 noted MSEs alert and no acute distress. The claimant was sent to Physical CE with Dr. Kim dated 9/27/16. The examiner noted mental state was clear with good memory and cooperative. The examiner noted claimant did not smile during interview or examination. The examiner gave dx depression.
>
> ADLs, the claimant reported able to prepare meals, perform household tasks, go out alone, drive, shop, take care of finances, go to the movies, and attend church. The claimant reported condition affects memory, completing tasks, concentration, understanding, and getting along with others. Does not handle stress or changes in routine. The FO noted well-groomed, polite, and cooperative during face-to-face interview.
>
> The MER shows the claimant's allegations are not totally consistent with the objective evidence in file. Despite the claimant's mental impairments, the evidence shows minimal limitations affecting claimant's functioning.

(Tr. 61.) Dr. Brandhorst's analysis only shows that VA records noted a diagnosis of major depressive disorder and that the record showed, "minimal limitations affecting claimant's functioning." (TR. 61.) Finally, Jones did not stop working because of depression. (Tr. 166.) He stopped working because "he was finished with the military." (Tr. 166.)

The ALJ stated the following:

> The claimant was assigned a 30 percent service connected disability rating for a generalized anxiety disorder, major depressive disorder, and adjustment disorder (Ex. 1D). However, the undersigned gives limited weight to his service connected disability rating because he has no recent mental health treatment and the clinical signs and findings were within normal limits. Disability Determination Services described him as polite and cooperative (Ex. lE). He generally exhibited a euthymic mood and normal affect, and in September 2016, during his first visit with primary care providers at the Veteran's Administration, he denied depression, hopelessness, and anhedonia (Ex. 3F/29; l F/69, 81-83). The medical consultative examiner also noted a good memory and cooperative demeanor although he did not smile during the interview (Ex. 4F). The claimant's alleged mental impairments do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and are therefore nonsevere.

(Tr. 18.)

Based on the foregoing, the Court finds that the ALJ had enough information to support his finding that Jones' mental health impairments were not severe and did not require additional evaluation. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by the claimant's statement of symptoms. 20 C.F.R. § 404.1508. To be considered severe, an impairment must *significantly* limit a claimant's ability to do basic work activities. *See* 20 C.F.R § 404.1520(c). "Step two [of the five-step] evaluation states that a claimant is not disabled if his impairments are not severe."

*Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citing *Simmons v. Massanari,* 264 F.3d 751, 754 (8th Cir. 2001)). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Id.* at 707. "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue,* 484 F.3d 1040, 1043 (8th Cir. 2007)). "It is the claimant's burden to establish that his impairment or combination of impairments are severe." *Kirby*, 500 F.3d at 707 (citing *Mittlestedt v. Apfel,* 204 F.3d 847, 852 (8th Cir. 2000)). Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard. *Kirby*, 500 F.3d at 708.

The evidence in the record was sufficient to evaluate the severity of Jones' mental impairments and the effect on Jones' functional work ability. Jones failed to present evidence that demonstrated his depression and anxiety were severe or that further examination by a consultative psychologist was necessary. Even the VA disability rating labeled his mental impairments as "mild and transient." Therefore, Jones has not met his burden to establish that the ALJ failed to develop the record by obtaining a psychological consultative exam.

**Failure to Contact the VA Regarding Disability Rating**

Next, Jones contends that the ALJ should have contacted the VA regarding his 100% service connected disability rating, because there must be other records available. The ALJ should consider the VA's finding of disability, but it is not bound by the disability rating of another agency when evaluating whether the claimant is disabled for social security benefits. *Pelkey v. Barnhart*, 433 F.3d 575, 579 (8th Cir. 2006). In this case, the ALJ did not err, because the ALJ explicitly acknowledged the VA's disability finding and the ALJ demonstrated that he fully considered the evidence underlying the VA's disability finding and the evidence in the

record as a whole. *See Hensley v. Colvin*, 829 F.3d 926, 935 (8th Cir. 2016). As stated above, the ALJ is not obligated to obtain additional evidence when the evidence submitted provides a sufficient basis for the ALJ's decision. The record in this case contained substantial evidence to support the ALJ's decision. *Haley v. Massanari*, 258 F.3d 742, 749 (8th Cir. 2001). Jones only offers speculation that there may be additional records. The transcript of records from the VA exceeds 300 pages and Jones assured the ALJ that all of the records were submitted. (Tr. 47-48.) The ALJ even reviewed the VA medical records and providers' names with Jones to make sure that there were no records missing. (Tr. 47-48.) The Court finds that the ALJ did not have a duty to request additional records from the VA in this case.

**Use of Medical-Vocational Guidelines**

Finally, Jones contends that the ALJ committed reversible error when he failed to demonstrate that Jones could perform work that exists in significant numbers in the national economy. Specifically, Jones states that the ALJ erred by using the Medical-Vocational Guidelines instead of relying upon the testimony of a vocational expert at step five of the five-step analysis.

If the claimant cannot perform past relevant work, based on the RFC, the analysis proceeds to step five. At the fifth and last step, the ALJ considers the claimant's RFC, age, education, and work experience to see if the claimant can make an adjustment to other work. 20 C.F.R. § 404.1520(a)(4)(v). If it is found that the claimant cannot make an adjustment to other work, the claimant will be found to be disabled. *Id., see also* 20 C.F.R. § 404.1520(g). At this step, the Commissioner bears the burden to "prove, first that the claimant retains the RFC to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to perform." *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir.

2005); *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). The Commissioner must prove this by substantial evidence. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir. 1983).

"[The] Commissioner may carry this burden by referring to the medical-vocational guidelines or 'Grids' which are fact-based generalization[s] about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Gray v. Apfel*, 192 F.3d 799, 802 (8th Cir. 1999).

When a claimant suffers from exertional and nonexertional impairments, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the claimant's work capacity. If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Lucy v. Chater*, 113 F.3d 905, 908 (8th Cir. 1997). "In other words, the law of this circuit states that an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003).

In this case, the ALJ's use of the Guidelines was proper. The ALJ found that Jones' anxiety and depression were non-severe. (Tr. 17-18.) The record failed to show any significant effect of mental impairments on Jones' functional abilities. Because the record supports the finding that Jones' non-exertional impairment does not diminish his RFC to perform the full range of activities listed in the Guidelines, the ALJ did not err in relying on them alone.

For reasons set forth above, the Court affirms the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**. [Docs. 1,15.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

Dated this 13th day of September, 2018.

      /s/ Nannette A. Baker
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE